## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

CASE NO.:  6:22-cv-78

BIG BUBBA INVESTMENTS, LLC,

      Plaintiff,

v.

GEOVERA SPECIALTY INSURANCE
COMPANY,

      Defendant.

_____/

## <u>NOTICE OF REMOVAL</u>

Defendant, GEOVERA SPECIALTY INSURANCE COMPANY ("GeoVera"), hereby files its Notice of Removal of that certain cause of action now pending in the Eighteenth Circuit in and for Seminole County, Florida, styled *BIG BUBBA INVESTMENTS, LLC vs. GEOVERA SPECIALTY INSURANCE COMPANY*, Case No. 2021-CA-002896, stating as follows:

## BACKGROUND

1.     This litigation is based upon a civil action brought by Plaintiff, BIG BUBBA INVESTMENTS, LLC ("Plaintiff") seeking to recover damages in excess of $30,000, plus interest, costs, and attorney's fees under a contract for insurance issued by GeoVera to Plaintiff. *See generally Plaintiff's Complaint attached hereto as Exhibit "A"*.

2.      This action was commenced in the Circuit Court of the Eighteenth Judicial Circuit in and for Seminole County, Florida, and service of process was effected on GeoVera on December 20, 2021.

3.      GeoVera issued a homeowner's insurance policy bearing policy number GC00028062 to BIG BUBBA INVESTMENTS, LLC, for real property located at 1351 Bristol Park Place, Lake Mary, Florida 33746.  *See Exhibit "B" a true and correct copy of the subject policy.*

## AMOUNT IN CONTROVERSY

4.      According to the Complaint, Plaintiff is seeking payment of losses allegedly incurred to real property due to a storm in April, 2021, which Plaintiff alleges is owed under the subject insurance policy, plus attorney's fees, costs and interest. *See Exhibit "A".*

5.       The Policy contains a deductible in the amount of $18,550.00 for losses due to Windstorm and Hail. Prior to the instant litigation, GeoVera conducted an inspection of the loss and determined that there was no coverage for the claimed damages.

6.       Plaintiff's estimate for repairs from JA Edwards of America, Inc. is in the amount of $76,863.48. *See Plaintiff's estimate attached hereto as Exhibit "C".*

7.      Plaintiff also provided its Notice of Intent to litigate alleging damages in the amount of $109,942.00. *See Notice of Intent attached hereto as Exhibit "D".*

8.      GeoVera investigated the loss and denied coverage for the same.

9.      Based on the allegations contained in the Complaint, Plaintiff is alleging that Defendant has failed to reimburse Plaintiff for their losses related to the damage to the subject property.  Therefore, it appears that Plaintiff is alleging that $109,942.00 is owed to them. GeoVera denies this allegation and disputes that any additional amount is owed to Plaintiff.

10.      Additionally, Plaintiff has made a claim for attorneys' fees and costs pursuant to Florida Statutes in their Amended Complaint. *See Paragraph 15 of Exhibit "A"*. When a statutory cause of action entitles a party to recover reasonable attorney fees, the amount in controversy can include consideration of the amount of those fees. *See Missouri State Life Ins. Co. v. Jones*, 290 U.S. 199, 202, 54 S.Ct. 133, 134, 78 L.Ed. 267 (1933); *Premier Indus. Corp. v. Texas Indus. Fastener Co.*, 450 F.2d 444, 447 (5th Cir.1971). *Francis v. Allstate Ins. Co.*, 709 F. 3d 362, 368 (4th Cir. 2013). *See also, Mirras v. Time Ins. Co.*, 578 F. Supp. 2d 1351, 1353 (M.D. Fla. 2008).

11.      Florida Statute 627.70152 requires that the presuit settlement demand include the amount of reasonable and necessary attorneys' fees and costs in the Notice of intent to initiate litigation. *See Florida Statute 627.70152.*

12.      When a statutory cause of action entitles a party to recover reasonable attorney fees, the amount in controversy can include consideration of the amount of those fees. *See Missouri State Life Ins. Co. v. Jones*, 290 U.S. 199, 202, 54 S.Ct. 133,

134, 78 L.Ed. 267 (1933); *Premier Indus. Corp. v. Texas Indus. Fastener Co.*, 450 F.2d 444, 447 (5th Cir.1971).

13.     The matter in controversy herein exceeds the sum of $75,000.00, exclusive of interest, attorney's fees and costs.  This fact is demonstrated by Plaintiff's estimate, and the extent of damage claimed by Plaintiff's Complaint in the amount of $109,942.00.

## CITIZENSHIP OF THE PARTIES

14.     In order for Diversity jurisdiction to exist, there must be "complete diversity," that is, each defendant must be a citizen of a state different from that of each plaintiff.  *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373, 57 L.Ed.2d 274 (1978); *Palmer v. Hospital Auth. of Randolph Cty.*, 22 F.3d 1559, 1564 (11th Cir.1994).

15.     "Citizenship," or domicile," is determined by two elements: (1) physical presence within a state; and (2) the mental intent to make a home there indefinitely. *Mississippi Band of Choctaw Indians*, 490 U.S. at 48, 109 S.Ct. at 1608; *Texas v. Florida*, 306 U.S. 398, 424, 59 S.Ct. 563, 576, 83 L.Ed. 817 (1939); *Scoggins v. Pollock*, 727 F.2d 1025, 1026 (11th Cir.1984).

16.     An individual is a citizen of the state in which he or she is domiciled. *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002).  "A person's domicile is the place of his true, fixed, and permanent home and principal establishment,

and to which he has the intention of returning whenever he is absent therefrom."

*Id.* at 1257–58 (citation and internal quotation marks omitted).

17.     In determining domicile, a court should consider both positive evidence and presumptions. *Mitchell v. United States*, 88 U.S. (21 Wall.) 350, 352, 22 L.Ed. 584 (1874). One such presumption is that the state in which a person resides at any given time is also that person's domicile. *District* of Columbia v. Murphy, 314 U.S. 441, 455, 62 S.Ct. 303, 309–10, 86 L.Ed. 329 (1941); Stine v. Moore, 213 F.2d 446, 448 (5th Cir.1954). *See generally,* 13B Charles Ala Wright, Arthur R. Miller, & Edward H. Cooper, Federal Practice and Procedure § 3612.

18.     Facts frequently taken into account include but are not limited to: current residence; residence of family and dependents; place of employment and name of business; voting registration and voting practices; location of personal and real property; location of brokerage and bank accounts; membership in church, clubs, and business organizations; driver's license and automobile registration; and payment of taxes. *Garcia v. American Heritage Life Ins. Co.*, 773 F.Supp. 516, 520 (D.P.R.1991); 13B Charles Alan Wright, Arthur R. Miller, Edward H. Cooper, Federal Practice and Procedure § 3612.

19.     GeoVera is incorporated under the laws of Delaware with its principal place of business located in California.  Therefore, GeoVera is a Citizen of Delaware and California.

20.     GeoVera is a surplus lines insurer in the State of Florida.  GeoVera is a Defendant in the above-styled cause. *See Florida Office of Insurance regulation website:*

https://floir.com/CompanySearch/each_comp.aspx?IREID=102515&AUTHID=102515&FICTNAME=&CCRCNAME=&passCompanyType=SURPLUS LINES&passCompanyName=GEOVERA SPECIALTY INSURANCE COMPANY *attached here as Exhibit "E."*

21.     Based on the warranty deed, Plaintiff, BIG BUBBA INVESTMENTS, LLC, owns the real property located at 1351 Bristol Park Place, Lake Mary, Florida 33746. *See BIG BUBBA INVESTMENTS, LLC's property deed attached hereto as Exhibit "F."*

22.     Further, Plaintiff has claimed a homestead exemption on this property. *See copy of Seminole County Property Appraiser's property detail attached hereto as Exhibit "G".*

23.     The Diversity of each member of an LLC must also be established. Based on Plaintiff'sa 2021 company reinstatement filed on September 28, 2021, Mohamed Rashad is the sole member of the LLC. *See Plaintiff's Company Reinstatement dated September 28, 2021, filed with the Florida Secretary of State attached hereto as Exhibit "H."*

24.     Mohamed Rashad, is a resident of the state of Florida based upon his valid Florida's Driver's License. *See Exhibit "I" Driver License Validation for Mohamed Rashad*.

25.     Plaintiff, at all material times, was and is domiciled in the state of Florida in that they currently reside in and intends to remain in the state of Florida, as evidenced by the homestead exemption on their property. *See Exhibit "G"*. Therefore, Plaintiff is citizen of the State of Florida.

26.     At the time when this action was commenced, at the present time, and at all times material to this action, Plaintiff was a citizen of Florida, and GeoVera is a Citizen of Delaware and California.  Therefore, Complete diversity exists between the parties in accordance with 28 U.S.C. §1332.

27.     Copies of all process, pleadings and orders served upon GeoVera, and such other papers or exhibits as are required by Local Rules of Court, are filed herein, with the exception of discovery served with the Complaint.

**WHEREFORE**, Defendant, GEOVERA SPECIALTY INSURANCE COMPANY, prays that this Honorable Court exercise jurisdiction over this matter.

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on **January 13, 2022,** a true and correct copy of the foregoing was filed via CM/ECF, which will serve a copy via e-mail on the following: **Raquelle A. Rodriguez, Esq.**, Metts Legal, P.A., 320 Maitland Avenue,

Altamonte Springs, FL 32701, raquelle.rodriguez@mettslegal.com, derek.metts@mettslegal.com, and laura.dowdell@mettslegal.com (Attorneys for Plaintiff).

**PINTARD ROBINSON, PLLC**

/s/ __Lucie Robinson_____
LUCIE A. ROBINSON, ESQ.
Florida Bar No.:113088
618 E. South St., Suite 500
Orlando, FL 32801
Main: (407)554-5804
Fax: (407) 583-4101
Email: service@pintardrobinsonlaw.com
Attorneys for Defendant
GEOVERA SPECIALTY INSURANCE
COMPANY